IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN L. F.,[1]                                    6:18-cv-01958-BR

       **Plaintiff,**                          **OPINION AND ORDER**

v.

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

**KATHERINE L. EITENMILLER**
**BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street
Eugene, OR  97401
(541) 686-1969

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHERINE WATSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Ryan L. F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On May 22, 2017, Plaintiff protectively filed his

applications for DIB and SSI benefits. Tr. 10, 268, 270.[2] Plaintiff alleges a disability onset date of November 1, 2015. Tr. 10, 268. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 3, 2018. Tr. 68-116. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On July 5, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 10-23. Plaintiff requested review by the Appeals Council. On September 7, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 9, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on May 19, 1978. Tr. 21, 268.

---

[2] Citations to the official Transcript of Record (#10) filed by the Commissioner on May 2, 2019, are referred to as "Tr."

Plaintiff was 37 years old on his alleged disability onset date. Tr. 21. Plaintiff has at least a high-school education. Tr. 21. Plaintiff has past relevant work experience as a sales clerk, "merchandiser displayer," cashier I/head cashier, and bouncer. Tr. 21.

Plaintiff alleges disability due to major depression, post-traumatic stress disorder (PTSD), anger issues, and body pain. Tr. 139.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-20.

### STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity. 20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*,
648 F.3d at 724. The criteria for the listed impairments, known
as Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC). The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations. 20 C.F.R.
§§ 404.1520(e), 416.920(e). *See also* Social Security Ruling
(SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule." SSR 96-8p,
at *1. In other words, the Social Security Act does not require
complete incapacity to be disabled. *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine

whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since November 1, 2015, Plaintiff's alleged disability onset date. Tr. 13.

At Step Two the ALJ found Plaintiff has the severe impairments of bipolar II disorder, PTSD, somatic symptom disorder not otherwise specified, major depressive disorder, and panic disorder with agoraphobia. Tr. 13.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1. Tr. 14. The ALJ found Plaintiff has the RFC to
perform a full range of work at all exertional levels with the
following nonexertional limitations: can understand, remember,
and carry out short, simple job instructions "consistent with
unskilled work with a DOT GED reasoning level of two or less";
cannot interact with the public; can have only occasional
interaction with coworkers; and needs a static work environment
with few changes in work routines and settings. Tr. 15.

At Step Four the ALJ concluded Plaintiff is unable to
perform his past relevant work. Tr. 21.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as garment sorter,
cleaner II, and "drier attendant." Tr. 22. Accordingly, the
ALJ found Plaintiff is not disabled. Tr. 23.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to
evaluate properly the medical evidence; (2) failed to provide
clear and convincing reasons supported by substantial evidence
in the record for discounting Plaintiff's subjective symptom

9 - OPINION AND ORDER

testimony; and (3) failed to provide legally sufficient reasons for rejecting lay-witness statements.

## I.   The ALJ did not err in his evaluation of the medical evidence.

Plaintiff contends the ALJ failed to properly evaluate the "persuasiveness" of the medical opinions of Scott Alvord, Psy.D., an examining psychologist; Gale Smolen, M.D., Plaintiff's treating physician; and Carolyn Moore, L.C.S.W., Plaintiff's treating counselor.

### A.   Standards

The Court notes the regulations regarding evaluation of medical evidence have been amended and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded for claims protectively filed after March 27, 2017. The new regulations provide the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017). *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on "supportability" and "consistency" using the factors specified

in the regulations. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).
Those factors include "supportability," "consistency,"
"relationship with the claimant," "specialization," and "other
factors." *Id.* The factors of "supportability" and
"consistency" are considered to be "the most important factors"
in the evaluation process. *Id.* *See also Revisions to Rules*, 82
Fed. Reg. 5844.

In addition, the regulations change the way the
Commissioner should articulate his consideration of medical
opinions.

> First, we will articulate our consideration of
> medical opinions from all medical sources
> regardless of whether the medical source is an
> AMS [Acceptable Medical Source]. Second, we will
> always discuss the factors of supportability and
> consistency because those are the most important
> factors. Generally, we are not required to
> articulate how we considered the other factors
> set forth in our rules. However, when we find
> that two or more medical opinions . . . about the
> same issue are equally well-supported and
> consistent with the record but are not exactly
> the same, we will articulate how we considered
> the other most persuasive factors. Third, we
> added guidance about when articulating our
> consideration of the other factors is required or
> discretionary. Fourth, we will discuss how
> persuasive we find a medical opinion instead of
> giving a specific weight to it. Finally, we
> will discuss how we consider all of a medical
> source's medical opinions together instead of
> individually.

*Revisions to Rules*, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The ALJ is required to "explain how [he/she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Accordingly, the court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion.

## B. Analysis

### 1. Dr. Alvord

On April 2, 2018, Dr. Alvord performed a consultative psychological evaluation of Plaintiff. Tr. 603-07. Dr. Alvord noted he was not provided with any medical or psychiatric records for review as part of his evaluation. Tr. 603. Dr. Alvord diagnosed Plaintiff with bipolar II disorder, PTSD, and somatic symptom disorder. Tr. 606. He opined Plaintiff has difficulty performing simple, repetitive, detailed, and complex tasks; accepting instructions from

supervisors; interacting with co-workers and the public;
performing work activities on a consistent basis; maintaining
regular attendance; completing a normal workday/workweek; and
dealing with usual workplace stress. Tr. 607. Dr. Alvord
indicated Plaintiff's prognosis was "guarded to poor." Tr. 606.

The regulations require the ALJ to consider a
medical source's familiarity with other medical evidence in the
record when evaluating the persuasiveness of the medical
source's opinion. *See* C.F.R. §§ 404.1520c(c)(5),
416.920c(c)(5). Inasmuch as Dr. Alvord states he did not review
any records (Tr. 603), the ALJ properly considered such facts
when he found Dr. Alvord's opinion was not persuasive. Tr. 20.
Although the ALJ noted Dr. Alvord's diagnoses were supported by
and consistent with Plaintiff's mental-health history and
treatment, the ALJ, nevertheless, concluded Dr. Alvord's opinion
regarding Plaintiff's limitations was not persuasive on the
grounds that Dr. Alvord did not have the benefit of reviewing
Plaintiff's complete mental-health records and he was unfamiliar
with the other evidence in the record. Tr. 20.

The ALJ also concluded Dr. Alvord's assessment of
Plaintiff's limitations was "general and poorly defined," and,
in addition, Dr. Alvord did not assign to Plaintiff any

13 - OPINION AND ORDER

"specific degree of functional difficulty." Tr. 20. Plaintiff,
however, contends the ALJ failed to identify a valid basis for
rejecting Dr. Alvord's opinion, and, therefore, the ALJ erred
when his evaluation of Plaintiff's RFC did not reflect
Dr. Alvord's assessment of Plaintiff's limitations.

The ALJ noted the record shows Plaintiff received
consistent psychotherapy treatment for his psychological
symptoms and had a positive response to medication. The ALJ,
therefore, concluded the record does not establish Plaintiff's
psychological and physical symptoms preclude him from performing
all work-related activity. Tr. 19. The ALJ also noted
Dr. Alvord's mental-status examination of Plaintiff was
essentially normal and that Plaintiff exhibits normal thought
content, speech, orientation, psychomotor movements, memory,
concentration, abstract thinking, insight, judgment, and a "fund
of general information." Tr. 18 (citing Tr. 605-06). The ALJ
concluded these findings were consistent with the objective
medical evidence. Tr. 20.

On this record the Court concludes the ALJ did
not err when he evaluated the persuasiveness of Dr. Alvord's
medical opinion because the ALJ's determination was supported by
substantial evidence in the record.

14 - OPINION AND ORDER

### 2. Dr. Smolen

In November 2015 Plaintiff saw Dr. Smolen for management of his psychiatric medication. Tr. 480. In a treatment note in May 2017 Dr. Smolen stated: "I feel like [Plaintiff] does qualify for Social Security in that he is not getting any better and still has this severe depression with suicidal thoughts." Tr. 498.

The ALJ did not specifically address Dr. Smolen's statement and instead found Plaintiff's mental-health symptoms were controlled by medication. Tr. 19. Plaintiff contends the ALJ failed to consider the persuasiveness of Dr. Smolen's statement and treatment notes without providing a reason for doing so. The Commissioner contends in response that Dr. Smolen's statement and treatment notes do not constitute a "medical opinion" pursuant to the new regulations, and, therefore, the ALJ was not required to address them. The Court notes revised regulations applicable to Plaintiff's claim define a "medical opinion" as "a statement from a medical source about what [a claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" in specific, work-related areas of functioning. 20 C.F.R. §§ 404.1513(a)(2),

416.913(a)(2).

Here the Court finds Dr. Smolen's statement and treatment notes were not "medical opinions," but instead constituted an opinion regarding disability that is reserved to the Commissioner; *i.e.*, Dr. Smolen did not express any opinion regarding Plaintiff's impairments or impairment-related limitations/restrictions in specific, work-related functional areas. Thus, Dr. Smolen's statement and treatment notes are evidence "inherently neither valuable nor persuasive," and the ALJ is not required to provide any analysis of such statements. *See* 20 C.F.R. §§ 404.152b(c), 416.920b(c).

Accordingly, on this record the Court concludes the ALJ did not err when he did not address Dr. Smolen's statement nor treatment notes.

### 3. **Counselor Moore**

On March 19, 2018, Counselor Moore, a licensed clinical social worker, provided a narrative statement of Plaintiff's treatment. Tr. 591-92. She noted Plaintiff had received mental-health services beginning in 2015 before he began working with her and that Plaintiff's prior treatment included an intense outpatient treatment program that involved weekly individual- and group-treatment therapy sessions.

Counselor Moore noted Plaintiff as having major depressive disorder, PTSD, panic disorder, and agoraphobia:

> [Plaintiff] has been struggling with these symptoms since beginning treatment. They continue to affect his relationships, functioning, health and future plans. It is predicted that his mental health symptoms will remain as there are no "cures" for such diagnosis.

Tr. 592. Counselor Moore, however, also stated: "I don't feel qualified to judge his capability to function in a work setting and have no knowledge as to his use of drugs or alcohol." *Id.*

The ALJ found Counselor Moore's diagnosis and opinions regarding the severity of Plaintiff's symptoms together with the length of Counselor Moore's treatment were supported by and consistent with the record. Tr. 20. The ALJ, nevertheless, found Counselor Moore's conclusions

> with respect to the [Plaintiff's] prognosis and ability to function in relationships, daily activities, health, and make future plans is less persuasive because she provides no function by function analysis of [Plaintiff's] ability to perform daily activities, maintain attention and concentration, understand, remember or apply information, interact with others, concentrate, persist or maintain pace, and adapt or manage himself from day to day.

Tr. 20. The ALJ also properly addressed the consistency and supportability of Counselor Moore's opinion.

Accordingly, on this record the Court concludes the ALJ did not err when he evaluated the persuasiveness and consistency of Counselor Moore's opinion and the ALJ's determination was supported by substantial evidence in the record.

In summary, the Court concludes the ALJ properly evaluated the medical evidence pursuant to the new regulations and properly considered the supportability and consistency of the medical opinions when he determined the persuasiveness of those opinions.

## II. The ALJ reasonably discounted Plaintiff's subjective symptom testimony.

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### A. Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter*

*v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's

complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

At the hearing on May 3, 2018, Plaintiff testified he started working at a daycare in early 2015, but his depression worsened and he worked less until the daycare closed in 2016. Tr. 75, 83-84. Plaintiff testified he tends to become angry when he is around adults and self-harms in an attempt to replace his anger with pain, he experiences low self-esteem that affects his ability to work, and he has suicidal thoughts daily although he would not act on those thoughts. Tr. 88, 92-93.

On June 13, 2017, Plaintiff completed a written Function Report. Tr. 347-54. Plaintiff noted his depression and anxiety severely limit his ability to work, to maintain attendance, and to function around other people. Tr. 347. Plaintiff stated he typically sleeps during the day, has to be reminded to do household chores and personal care, does not have friends, pays attention for only short periods, and is easily confused. Tr. 348-52. He does not get along well with authority figures and handles stress poorly. Tr. 352-53.

Plaintiff also alleged his depression and anxiety limited his ability to be on time and to function around people,

he needed reminders for personal care, and he had difficulty
completing tasks.  Tr. 347, 349, 352.  The ALJ, however,
concluded Plaintiff's activities were inconsistent with his
allegations of disabling symptoms.  Tr. 19.  For example, the
ALJ noted Plaintiff was able to attend and to participate in
group-therapy sessions successfully; to provide for his own
needs independently; and to cook, to take out the trash, to
shop, and to attend regular appointments.  Tr. 19, 96, 349-51,
583-90.

        The ALJ concluded Plaintiff's symptom testimony is not
supported by his treatment records and is inconsistent with his
activities.  Tr. 17, 19.  For example, the ALJ noted Michael
Bachop, Ph.D., performed a Psychiatric Diagnostic Evaluation of
Plaintiff on April 13, 2015, in which he noted Plaintiff
experienced mild depression most likely due to bereavement, and
he diagnosed Plaintiff with Generalized Anxiety Disorder.
Tr. 406-07.  In June 2016 Plaintiff reported "significant
reduction" in his mental-health symptoms, denied PTSD symptoms,
stated he had not experienced anxiety or panic attacks for
several months, and attributed his improvement to his
medications.  Tr. 17, 470-71.  Although Plaintiff experienced
"severe" depression in 2017, he refused hospitalization, but

agreed to therapy.  Tr. 524.  In November 2017 Plaintiff's

mental-health examination requested by Dr. Smolen was normal,

and the counselor described Plaintiff's symptoms as "moderate."

Tr. 529.  Plaintiff began group therapy in 2018 with Counselor

Moore, and Plaintiff indicated in March 2018 that the sessions

were helpful.  Tr. 589.  The ALJ concluded Plaintiff's symptoms

generally improved with medication and/or therapy.  Tr. 19.

On this record the Court concludes the ALJ did not err

when he discounted Plaintiff's symptom testimony as inconsistent

with his activities because the ALJ provided legally sufficient

reasons supported by substantial evidence in the record for

doing so.

## III. **The ALJ's failure to articulate his consideration of lay-witness statements was harmless error.**

Plaintiff contends the ALJ erred when he failed to provide

legally sufficient reasons for rejecting the lay-witness

statements of Paige Morgan, Plaintiff's girlfriend, regarding

Plaintiff's symptoms.  The Commissioner concedes the ALJ erred

when he failed to articulate his reasons for discounting

Morgan's statements, but the Commissioner contends such error is

harmless.

### A. **Standards**

Lay-witness testimony regarding a claimant's symptoms

is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue,* 493 F. App'x 866 (9th Cir. 2012).

The ALJ is not required, however, "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012). Although the ALJ must consider evidence from nonmedical sources pursuant to §§ 404.1520c(d) and 416.920c(d) of the new regulations, the ALJ is "not required to articulate how [he] consider[s] evidence from nonmedical sources" and he is does not

have to use the same criteria as required for medical sources. The regulations, however, do not eliminate the need for the ALJ to articulate analysis of lay-witness statements.

## B.    Analysis

On June 15, 2017, Morgan provided a Third-Party Function Report regarding Plaintiff. Tr. 355-62. Morgan stated, among other things, that Plaintiff had difficulty socializing with other people, did not get along with authority figures well, and did not leave the house except for doctor's appointments. Tr. 358-61. Morgan's statements were similar to Plaintiff's own testimony about his symptoms.

The ALJ stated he reviewed and considered Morgan's statements when he assessed Plaintiff's RFC, but the ALJ did not provide any analysis of Morgan's statements. As noted, although the ALJ is not required to use the same factors as required for medical sources, he is still required to articulate his analysis of such evidence.

The Commissioner concedes the ALJ "erred in evaluating Morgan's statements," but, nevertheless, the Commissioner contends this was harmless error on the ground that Morgan's statements are similar to Plaintiff's symptom testimony that the ALJ properly rejected.

On this record the Court concludes the ALJ erred when he failed to articulate his reasons for discounting Morgan's statement. To the extent that the ALJ erred, however, the Court concludes the error was harmless because the ALJ provided sufficient reasons for rejecting similar testimony from Plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1116-17 (9th Cir. 2012)(failure to address lay-witness testimony is harmless error if the ALJ provided sufficient reasons for rejecting similar testimony).

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of December, 2019.

ANNA J. BROWN
United States Senior District Judge